United States District Court
Southern District of Texas
**ENTERED**
July 31, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MOUSSA DIAWARA, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:26-6103 |
| | § | |
| WARDEN, PRAIRIELAND DETENTION | § | |
| CENTER, *et al.* | § | |
| | § | |
| Respondents. | § | |

**ORDER TO TRANSFER**

Petitioner Moussa Diawara, a national of Mali, is detained in the custody of officials with the Immigration and Customs Enforcement (ICE). The petitioner filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 (Dkt. 1).

The petitioner is detained at the Prairieland Detention Center in Alvarado, Texas, and was detained there when he filed his petition. The proper respondent for this habeas action is the person with custody over the petitioner. 28 U.S.C. § 2242; 28 U.S.C. § 2243; *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004). A district court only has jurisdiction over a § 2241 petition if it has jurisdiction over the petitioner's "immediate custodian," who is the warden of the facility in which the petitioner is detained. *Id*. at 439 ("In challenges to present physical confinement, we reaffirm that the immediate custodian, not a supervisory official who exercises legal control, is the proper respondent"); *Griffin v. Ebbert*, 751 F.3d 288, 290 (5th Cir. 2014); *Gutierrez v. Garland*, No. 1:20-CV-141, 2021 WL 2458349, at *1-2 (S.D. Tex. May 19, 2021) (discussing subject matter jurisdiction, personal

jurisdiction, and venue for § 2241 petitions), *report and recommendation adopted,* 2021 WL 2457843 (S.D. Tex. June 15, 2021).

The petitioner's immediate custodian is the warden of the Prairieland Detention Center. The facility is in Johnson County, which is in the Northern District of Texas, Dallas Division. *See* 28 U.S.C. § 124(a)(1). This Court lacks jurisdiction over the petitioner's immediate custodian. Under these circumstances, and in the interest of justice, a transfer to the Northern District of Texas is appropriate. *See* 28 U.S.C. § 1404(a).

Therefore, the Clerk is **ORDERED** to transfer this habeas action to the Dallas Division of the Northern District of Texas and to provide a copy of this order to the parties.

SIGNED at Houston, Texas, on July 31, 2026.

George C. Hanks Jr.

GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE